# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| GREE, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 2:19-cv-00200-JRG-RSP |
| v. | § | |
| | § | |
| SUPERCELL OY, | § | The Honorable Rodney Gilstrap |
| | § | |
| Defendant. | § | |
| | § | |

**DEFENDANT'S OBJECTION TO THE ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE ITS SECOND AMENDED COMPLAINT**

Defendant Supercell Oy respectfully objects to the Magistrate Judge's Order ("Order") (Dkt. No. 16) granting Plaintiff's Motion for Leave to File its Second Amended Complaint ("Motion") (Dkt. No. 12). The Motion should not have been considered, as Plaintiff GREE, Inc. ("GREE") never sought to meet and confer with Supercell prior to filing in violation of Civil Local Rule CV-7(h). Plaintiff further violated Civil Local Rule CV-7(i) by accompanying the Motion with a defective certificate of conference, which failed to inform the Court that GREE did not seek to confer with Supercell. In light of GREE's failure to meet and confer and its defective certificate of conference, Supercell respectfully requests that the Court deny and strike GREE's Motion.

## FACTUAL BACKGROUND

On May 27, 2019, GREE filed the Complaint in this case. (Dkt. No. 1.) This was the sixth of seven cases filed by GREE against Supercell in this Court since February 27, 2019. On June 3, 2019, before serving Supercell with the Complaint, GREE filed an Amended Complaint as a matter of right. (Dkt. No. 10.) On June 24, 2019, GREE filed a Motion for Leave to File Its Second Amended Complaint and captioned the Motion as "opposed." *See* Motion. GREE, as admitted in its Motion, never sought to meet and confer with Supercell. Instead, in the accompanying Certificate of Conference, GREE stated, "The undersigned hereby certifies that counsel for Supercell have not yet filed notices of appearance in this matter and this motion for leave is therefore being filed as opposed." *Id.* at p. 4.

GREE's failure to meet and confer with Supercell was a calculated decision. GREE has been on notice since 2016 that the undersigned counsel represents Supercell in the United States with respect to all patent litigation matters against GREE. *See* Sacksteder Decl., ¶ 2 & Exhibit 1. In this time, GREE has filed more than thirty patent litigation actions in Japan, two *inter partes* review petitions, and seven patent infringement actions in this Court against Supercell. *Id.* at ¶ 3.

Supercell, in defense against GREE's patent monetization campaign, has filed sixteen post-grant review petitions, two petitions for *inter partes* review, one patent infringement action in the Northern District of California, and one declaratory judgment action in the Northern District of California. *Id.* at ¶ 4. For each of these actions, counsel for GREE has interacted exclusively with the undersigned counsel for all matters in the United States. *Id.* at ¶ 4. In addition, less than a week before GREE filed the "opposed" Motion, counsel for GREE and counsel for Supercell conducted a Rule 26(f) conference with respected to a related case filed in the Northern District of California. *Id.* at ¶ 5. During that conference, GREE's counsel raised the possibility of filing additional cases or asserting additional patents in the Eastern District of Texas. *Id.* at ¶ 5. However, GREE's counsel did not inform Supercell that the following week it intended to file the Motion for Leave and represent to the Court that Supercell opposed the Motion. *Id.* Thus, at the time of filing the present Motion, GREE knew Supercell was represented by the undersigned counsel and had the opportunity to raise the issue on the phone with lead counsel for Supercell.

On June 27, 2019, three days after the Motion was filed and before Supercell was served, the Motion was granted. GREE filed an additional Motion for Leave to File its Third Amended Complaint on July 1, 2019. (Dkt. No. 25.) Supercell is filing a responsive brief in opposition to that motion concurrently with this objection.

In three previously filed patent infringement cases filed by GREE, Supercell has filed a motion to transfer the case to the Northern District of California. Those motions are currently pending before the Court. Consistent with the positions taken in those motions, Supercell believes that the convenience factors in this case weigh heavily in favor of transfer to the Northern District of California. As a result of GREE's failure to comply with the Local Rules of this Court, Supercell believes the Motion should be struck and that the case should properly be

filed in the Northern District of California. Supercell, therefore, is filing a declaratory judgment complaint in the Northern District of California seeking a declaration of non-infringement of the patent improperly asserted by GREE in its defective Motion for Leave.

## LEGAL STANDARD

Local Rule CV-7(h), titled "Meet and Confer Requirement," states:

> The "meet and confer" motions practice requirement imposed by this rule has two components, a substantive and a procedural component. For opposed motions, the substantive component requires, at a minimum, a personal conference, by telephone or in person, between an attorney for the movant and an attorney for the non-movant . . . . An unreasonable failure to meet and confer violates Local Rule AT-3 and is grounds for disciplinary action.

Local Rule CV-7(h). The procedural component is contained in Local Rule CV-7(i), and states:

> [A]ll motions must be accompanied by a "certificate of conference" at the end of the motion following the certificate of service. The certificate must state: (1) that counsel has complied with the meet and confer requirement in Local Rule CV-7(h); and (2) whether the motion is opposed or unopposed. **Opposed motions <u>shall</u> include a statement in the certificate of conference, signed by the movant's attorney, that the personal conference or conferences required by this rule have been conducted or were attempted, the date and manner of such conference(s)** or attempts, the names of the participants in the conference(s), an explanation of why no agreement could be reached, and a statement that discussions have conclusively ended in an impasse, leaving an open issue of the court to resolve.

Local Rule CV-7(i) (emphasis added). Local Rule CV-7(i) provides an exclusive list of exceptions to this requirement, comprising cases involving *pro se* litigants and motions: to dismiss, for judgment on the pleadings, summary judgment, judgment as a matter of law, for new trial, for the issuance of letters rogatory, objections to report and recommendations of magistrate judges or special masters, for reconsideration, for sanctions under Federal Rule 11, for writs of garnishment, and any motion that is joined by, agreed to, or unopposed. *Id.* Motions for leave to amend a pleading do not appear on this list.

"The meet and confer requirement of the Local Rules is not a perfunctory obligation." *Morrison v. Walker,* 1:13-cv-00327, 2014 WL 11512240, *2 (E.D. Tex. Dec. 2, 2014). It is an integral part of the efficient functioning of the Court, and ensures that neither the parties nor the Court waste resources litigating matters that could have been resolved by a conversation between the parties. *Id.* The Certificate of Conference requirement under Civil Local Rule CV-7(i) requirement also is not to be ignored. Striking or denying a motion without consideration of the merits is proper when a party violates Civil Local Rule CV-7. *See id*. at *2-*3 (striking motion for leave to file and serve first amended complaint for failure to comply with the certificate of conference requirements); *see also Konami Digital Entertainment Co., Ltd. v. Harmonix Music Systems, Inc.*, 6:08-cv-00286, 2009 WL 3448148, *2 (E.D. Tex. Oct. 22, 2009) (denying motion to compel without reaching the substantive merits of the motion for failure to comply with CV-7(h)-(i)).

## ARGUMENT

GREE deliberately failed to comply with both the substantive and procedural requirements of Civil Local Rule CV-7. The Court should deny and strike the motion.

There can be no dispute that GREE failed to comply with the substantive "meet and confer" requirement. As GREE admits in the certificate of conference accompanying its Motion, GREE did not meet and confer with Supercell. *See* Motion, p. 4. Instead, GREE states that it was not required to meet and confer with Supercell because Supercell's counsel had not yet appeared in the case. *Id.* There is no such exception to the "meet and confer" requirement. As set forth in Rule CV-7(i) there are only a limited number of exceptions, including motions where a party is proceeding *pro se* and or those specifically identified in the rule. A motion for leave to file an amended complaint is not one of the excepted types of motions, and, as GREE has known

4

since 2016, Supercell is represented by attorneys from Fenwick & West. Thus, GREE was required to comply with the meet and confer requirement, and it failed to do so.

GREE also failed to comply with the procedural requirements of Rule CV-7(i). The certificate of compliance must state that the in-person or telephonic conference required by Rule CV-7(h) had been conducted or was attempted, along with the date and manner of the conference. Local Rule CV-7(i). The certificate of conference accompanying GREE's Motion failed to provide this information because GREE decided not to attempt to confer with Supercell.

Striking GREE's motion and the accompanying amended complaint is proper in this case. This Court has been clear that the substantive and procedural requirements are necessary to the efficient administration of justice and are not to be ignored. *See Morrison*, 2014 WL 11512240 at *2. Striking the Motion is particularly proper in this case because GREE's actions indicate that the decision to ignore the Local Rules was strategic. Just four days before filing the Motion for Leave to Amend, lead counsel for GREE and Supercell conducted a Rule 26(f) conference in a separate matter. During that conference GREE mentioned the *possibility* that it would assert additional patents against Supercell in this Court, but it omitted the fact that it intended to move for leave to file an additional amended complaint in this action. *See* Sacksteder Decl., ¶ 5. GREE, therefore, appears to have been fully aware that it intended to file the Motion for Leave, but failed to comply with the requirements of the Local Rules. Further, GREE's certificate of conference indicates that GREE was fully aware of the substantive and procedural requirements it violated. The Court, as it has done in the past, should discourage such maneuvers. *See Morrison*, 2014 WL 11512240 at *2; *Konami*, 2009 WL 3448148 at *2.

Supercell, thus, respectfully objects the Magistrate Judge's Order, and requests that the Court deny and strike GREE's Motion for Leave to File its Second Amended Complaint.

Dated: July 22, 2019   Respectfully submitted,

By: */s/ Michael J. Sacksteder*
Michael J. Sacksteder (Admitted E.D. Texas)
Bryan A. Kohm (Admitted E.D. Texas)
FENWICK & WEST LLP
555 California Street
San Francisco, California 94104
Telephone:  415.875.2300
Facsimile:  415.281.1350
Email:  msacksteder@fenwick.com
            bkohm@fenwick.com

Jessica M. Kaempf (Admitted E.D. Texas)
FENWICK & WEST LLP
1191 Second Ave., 10th Floor
Seattle, Washington 98101
Telephone:  206.389.4510
Facsimile:  206.389.4511
Email:  jkaempf@fenwick.com

Geoffrey Robert Miller
(Texas State Bar No. 24094847)
FENWICK & WEST LLP
801 California Street
Mountain View, California 94041
Telephone:  650.988.8500
Facsimile:  650.938.5200
Email:  gmiller@fenwick.com

*Attorneys for Defendant Supercell Oy*

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 22, 2019, all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3).

                                                                   */s/ Michael J. Sacksteder*
                                                                   Michael J. Sacksteder